UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RICARDO CALCERRADA,
an individual,

           Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No. 5:07-cv-295-Oc-10GRJ

SECURITAS SECURITY SERVICES, USA,
INC., a foreign corporation, RANDY GREGG,
in his individual capacity and in his corporate
capacity, GUY D. THOMAS, in his individual
capacity and in his corporate capacity,
MICHAEL DURR, in his individual capacity and
in his corporate capacity, CLIFFORD
BELCHER, in his individual capacity and in his
corporate capacity,TUANE L. YOUNG, in his
individual capacity and in his corporate
capacity,

           Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Motion to Remand (Doc. 21) in which Plaintiff requests that the Court remand this action to the Circuit Court for the Fifth Judicial Circuit in and for Citrus County, Florida. Defendants have filed a memorandum in opposition to Plaintiff's Motion (Doc. 26), and the matter is therefore ripe for the Court's consideration. For the reasons discussed below, the Court finds that Plaintiff's Motion to Remand is due to be **GRANTED**.

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

## I. <u>BACKGROUND & FACTS</u>

On June 26, 2007, Plaintiff Ricardo Calcerrada ("Calcerrada") filed this action in the Circuit Court for the Fifth Judicial Circuit, in and for Citrus County, Florida.  In his Amended Complaint, (Doc. 2) Plaintiff alleged that as a former employee of Securitas Security Services, USA, Inc. ("Securitas") he was subjected to illegal employment actions in violation of the Florida Civil Rights Act (FCRA), Fla. Stat. §760 et seq.,  Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981, and the Florida Whistle-Blower's Act, Fla. Stat., §448.101 et seq.

Because the Amended Complaint asserted a federal question, Securitas removed the case to this Court on July 25, 2007, pursuant to 28 U.S.C. § 1441(b)(Doc. 1.)  On August 9, 2007, Plaintiff filed a motion for leave to amend his Complaint to delete his federal claims and to add a claim against five individuals based upon a theory of negligent conspiracy to terminate in violation of Fla. Stat. § 448.045. (Doc. 8.)  The Court granted Plaintiff's motion for leave to amend (Doc. 19) and Plaintiff filed his Second Amended Complaint. (Doc. 20.) Plaintiff's four-count Second Amended Complaint is comprised solely of state claims – Counts One, Two and Three are brought against Securitas and Count Four is brought against the five individual Defendants.   Defendants answered the Second Amended Complaint as to Counts One, Two and Three (Doc. 24) and filed a motion to dismiss Count Four.  (Doc. 25).  On November 13, 2007, Plaintiff filed the instant Motion to Remand.  (Doc. 21).

## II. DISCUSSION

In cases removed from state to federal court, the district court must look at the case at the time of removal, rather than subsequent events, to determine whether it has subject-matter jurisdiction.[2] Here, Plaintiff does not contend that the Court lacked subject matter jurisdiction over his claims when the case was removed. Rather, Plaintiff argues that the Court was divested of subject matter jurisdiction by his post-removal amendment of the Complaint.[3] However, the Eleventh Circuit previously has held that amendments to the complaint after removal do not divest the district court of subject matter jurisdiction.[4] Accordingly, because there is no dispute that the Court properly had subject matter jurisdiction over this case at the time of removal, Plaintiff's subsequent amendment to his Complaint eliminating his federal claims did not divest the Court of its subject matter jurisdiction over his state claims and thus, remand is not now required.

Even though remand is not required, the Court, nonetheless, has in its discretion, the authority to decline to continue exercising supplemental jurisdiction over Plaintiff's

---

[2] See Poor v. American-Amicable Life Insur. Co. Of Texas, 218 F.3d 1287, 1290-91 (11th Cir. 2000); Lake County v. NRG/Recovery Group, Inc., 144 F.Supp.2d 1316, 1319 (M.D. Fla. 2001).

[3] To support this position, Plaintiff relies on Pintando v. Miami-Dade Housing Agency, 501 F.3d, 1241 (11th Cir. 2007). However, the facts of Pintando are not based on the "same set of facts" as argued by Plaintiff. In Pintando, the plaintiff filed suit in federal court and then amended his complaint to omit the federal law claim that originally gave rise to the federal court's supplemental jurisdiction of the plaintiff's remaining state law claims. See Pintando, 501 F.3d at 1242. The Eleventh Circuit held that the trial court was divested of jurisdiction by the amendment but noted that when cases are removed from state to federal court under 28 U.S.C. §1447(c), those cases would be "treated differently" than the case in Pintando. See id. at 1243-44, n.2. Accordingly, Pintando does not resolve the issues raised by the instant motion to remand.

[4] Pintando, 501 F.3d at 1243-44 n.2.; Behlen v. Merrill Lynch, 311 F.3d 1087, 1095 (11th Cir. 2002); Poore, 218 F.3d at 1290-91.

state law claims.[5] Interestingly, Defendants do not argue that the Court should continue to exercise supplemental jurisdiction over the state claims. Instead, Defendants argue that the case should not be remanded because if the Court grants Defendants' pending motion to dismiss, the five individual Defendants will be dismissed from the case, and complete diversity of citizenship will exist between Calcerrada and the only remaining Defendant, Securitas. The Court is unaware of any reason why it should address the merits of Defendants' motion to dismiss before resolving the motion to remand. Moreover, the hypothetical possibility that there might be complete diversity if the individual Defendants are dismissed from this case is not sufficient to create diversity jurisdiction.

Because Defendants' only argument against remand is without merit, the Court must determine whether it should continue exercising supplemental jurisdiction over Plaintiff's state law claims. The Court's discretionary decision whether or not to entertain the remaining state claims should be guided by the values of judicial economy, convenience, fairness and comity.[6]

Here, the Court finds that the values of judicial economy and convenience would be best served by remanding this case back to the state court, as this case is in its very early stages. Defendants have not even answered Count IV of the Second Amended Complaint due to the pending motion to dismiss. This fact was considered to be very significant by the Supreme Court, which instructed: "[w]hen the single federal-law claim

---

[5] See Carnegie-Mellon University v. Cohill, 484 U.S. 343, 357 (1988); Lake County, 144 F.Supp. at 1319.

[6] City of Chicago v. International College of Surgeons, 522 U.S. 156, 172-73 (1997) (quoting Carnegie-Mellon, 484 U.S. at 350.)

in the action [is] eliminated at an early stage of the litigation, the District Court [has] a powerful reason to choose not to continue to exercise jurisdiction."[7]  Moreover, the Court has not yet expended a significant amount of judicial labor and time in this case and thus remand at this stage of the proceedings would not require a state court to duplicate the efforts of this Court.

Principles of comity also weigh heavily in favor of remanding this case to state court. The court will be called upon to interpret several substantive state law issues, all of which are best suited for determination by the state court.

Finally, principles of fairness will not offended if the Court remands this case to state court.  The Supreme Court in *Carnegie-Mellon* recognized that a plaintiff's use of manipulative tactics to secure a forum in which to try the case is a factor a district court can consider when deciding whether to remand a case.[8]  However, this concern involved situations where federal claims had been eliminated late in a case in order to secure another judge to try a case after the federal court has expended significant resources.  That is not the case here due to the early posture of this case.

Accordingly, after carefully considering and weighing the economy, convenience, fairness and comity of a remand, the Court concludes that it is appropriate to exercise its discretion and remand this action to the Circuit Court for the Fifth Judicial Circuit in and for Citrus County, Florida.

---

[7] Carnegie-Mellon, 484 U.S. at 351.

[8] Carnegie-Mellon, 484 U.S. at 357.

### III.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Motion to Remand (Doc. 21) be **GRANTED,** and that this action be **REMANDED** to the Circuit Court of the Fifth Judicial Circuit, in and for Citrus County, Florida.

**IN CHAMBERS** in Ocala, Florida, on January 15, 2008.

GARY R. JONES
United States Magistrate Judge

Copies to:

    Honorable Wm. Terrell Hodges
    Senior United States District Judge

    All Counsel